### Jack Ballew v. The State.

#### No. 4736. Decided December 12, 1917.

**1.—Robbery—Firearms—Sufficiency of the Evidence.**

Where, upon trial of robbery with firearms, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Practice on Appeal—Newly Discovered Evidence.**

Where, upon trial of robbery with firearms, the record upon appeal showed that a co-defendant was acquitted of this offense, after defendant had been convicted, and had appealed to this court, the record of said acquittal could not be considered in this court to give the defendant the benefit of said acquittal of his co-defendant upon another trial, as the decision of this court must be made from the record brought up in the transcript on the trial of appellant.

**3.—Same—Newly Discovered Evidence—Discretion of Court.**

Where the alleged newly discovered evidence could be used simply and solely for the purpose of impeachment, and the trial judge had heard all the testimony, and there was no abuse of discretion shown, there was no reversible error.

Appeal from the District Court of Waller. Tried below before the Hon. J. D. Harvey.

Appeal from a conviction of robbery with firearms; penalty, thirty-five years imprisonment in the penitentiary.

The opinion states the case.

*Heidingsfelders* and *Warren W. Moore,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of the robbery of W. G. Kennedy with a firearm, and his punishment assessed at thirty-five years in the penitentiary.

There is no necessity of reciting the testimony. However, by the testimony of said Kennedy, which was corroborated by the circumstances and the testimony of other witnesses, a most aggravated case of robbery

with firearms was established. This testimony showed that Frank Walchek, a brother-in-law of appellant, was a principal with him in committing the offense. He also was indicted as such principal, and some months after appellant's conviction was tried the second time in Grimes County and a jury acquitted him.

Appellant, through his able attorney, when this case was submitted, frankly admitted, in substance, that his only assignment of error was in the court's refusing him a new trial on the ground of newly discovered evidence. This claimed newly discovered evidence was on two points:

First, he produced before this court and asked permission to file, and for this court to consider, the proceedings against said Walchek wherein it showed that he had also been indicted as a principal in said robbery in Waller County and acquitted in Grimes County. The facts with reference to this matter are that the alleged robbery was committed in Waller County. Appellant and his brother-in-law, Walchek, were both indicted in that county as principals in the robbery. When the case came on for trial in Waller County at the April term, 1917, on motion, a severance was had and appellant was first placed on trial and convicted as stated. During that term, and it seems after appellant's conviction, the venue for the trial against Walchek was changed from that county to Grimes County. The term of court at which appellant was convicted adjourned on May 4. 1917. This case was duly appealed to this court from the Waller County District Court at said April term. Walchek was tried in Grimes County on June 21st and acquitted. Appellant now urges this court to consider the proceedings and acquittal of Walchek in Grimes County and reverse this case so that he can have the benefit of Walchek's testimony on another trial which will contradict the testimony of said Kennedy.

As stated, all these proceedings in the Grimes County District Court and the acquittal of Walchek occurred long after the trial of appellant in Waller County and many weeks after the court in Waller County had adjourned for the term at which appellant was convicted. A mere recital of these facts makes it clear and certain that this court is without power or authority to reverse this case on this ground. This court is an appellate court, not a trial court. It can hear no evidence on any such issue as is tendered by appellant herein. The decision of any case in this court must be made from the records brought up in the transcript on the trial in the court below. The statute and all the decisions thereunder are to this effect (arts. 929 and 916, C. C. P., and the decisions noted thereunder in 2 Vernon's Crim. Stats.). So that this court can not permit the filing of the said proceedings in the Walchek case in Grimes County nor consider them for any purpose.

Second, the other claimed newly discovered evidence was that of A. McNeil and John Zwernemann, shown by their affidavits attached to appellant's motion for new trial. The affidavit of McNeil is to the effect that he had been acquainted with said Kennedy close to nine

months; that on Saturday, April 21st, in the presence of said Zwerne-mann, he had a conversation with said Kennedy in Houston and that Kennedy told him that on the occasion when he had taken appellant and Walchek from Houston to Hempstead in his automobile, that soon after he started from Houston with them he began drinking, and on the way they gambled, and that he, Kennedy, lost what money he had, and his car, and a pistol; that losing all this stuff made him sore; that he was pretty drunk and that while he had lost the pistol in gambling he had not given that up and that he had it and drew it on the men; that they took it away from him and beat him with it and also took the car and left with it; and that after he had this conversation with appellant, the three men, he, Zwernemann, and Kennedy, had a drink and they separated; that this conversation occurred between them be-tween 8:30 and 9 o'clock at night; that they had seen him between 2 and 2:30 o'clock before that on the same date and that he began a conversation with them, but at that time some parties wanted his car and he left and said that he would see them again. He also stated in this affidavit that he had known said Kennedy to drink whisky and beer before that, and stated in whose respective saloons he had so seen him drink.

Zwernemann's affidavit was to the effect that he happened to be with said McNeil on Saturday, April 21st, after the noon hour at a certain point in Houston, and heard a conversation between him and Kennedy; that McNeil said something to Kennedy about some man getting thirty-five years for robbing him, and he started to tell McNeil about being drunk and shooting craps with them, and about that time two men came up and engaged his car and he told them, "Well, I will see you later," and then left; that he was also with McNeil that night about 8:30 when they again met said Kennedy at a certain point in Houston and the matter was again broached, and in that conversation Kennedy told them about being drunk on the road to Hempstead on the day he claimed he was robbed and having shot craps with the men on the road, and that they won all his money, also his pistol, also his car; that all three of them were drinking and that he got sore and that he either pulled his gun or was going to pull it, when the men took it away from him and beat him over the head with it and left there with everything he had; that after they had finished this conversation the three went to the Rice bar and had a couple of drinks; that he had known Kennedy close on about a year and had seen him drinking at several saloons in Houston, which he named.

The State contested appellant's motion on this ground of claimed newly discovered evidence. Kennedy made an affidavit that he did not meet said McNeil and Zwernemann in Houston at the time they claimed or at any other time or place, and made no such statements to them as alleged in their affidavits. Testimony of various witnesses on the trial, as well as that of Kennedy showed that he had not drunk any whisky on the day he was robbed and was not under the influence

of whisky at all, and many other facts and circumstances which tended to show that said Kennedy did not gamble with appellant and Walchek at all on this occasion. The trial judge heard all of this and the said affidavits of said McNeil and Zwernemann and Kennedy, and was clearly authorized to believe that the affidavits of McNeil and Zwernemann were untrue.

The question of newly discovered evidence has been the subject of decision in a great many cases in this court. The statute (art. 837, subdivision 6, C. C. P.) and the decisions thereunder noted in 2 Vernon's Crim. Stats.; White's Ann. C. C. P., sec. 1149; 1 Branch's Ann. P. C., p. 124, et seq., lay down the rules applicable to this subject. One of the rules by all of these authorities is to the effect that the application for a new trial on the ground of newly discovered evidence "is closely scrutinized and is largely confided to the discretion of the trial court; and the disposition there made of it will not be disturbed on appeal unless it be apparent that the trial court abused its discretion to the prejudice of appellant." Another of these rules is that such newly discovered evidence will not require a new trial if it "is simply for the purpose of impeaching a former witness." The cases collated by Vernon, Judge White, and Mr. Branch establish these rules without any question. They are applicable herein. The claimed testimony of McNeil and Zwernemann could be used simply and solely for the impeachment of said Kennedy, and as stated, the trial judge heard all this testimony on the main trial and said affidavits. It does not show that the court abused the discretion in overruling appellant's motion on that ground. In fact, taking the whole of the evidence on this subject it shows that the court's action in overruling his motion for new trial was correct.

The judgment is affirmed. *Affirmed.*